IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY MILLER,                        *

Plaintiff                           *

v.                                  *         Civil Action No. JKB-14-0896

THOMAS M. LEHMAN, et al.            *

Defendants                          *
                                    *
                                  ***

## MEMORANDUM OPINION

Defendants move for dismissal in the above-captioned civil rights case. ECF 9. Plaintiff opposes the motion.[1] ECF 19. The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, defendants' motion shall be GRANTED IN PART AND DENIED IN PART.

### Plaintiff's Allegations

Plaintiff Tony Miller ("Miller"), an inmate incarcerated at the Maryland Correctional Institution-Jessup, at the time of the actions complained of, asserts that he was denied adequate

---

[1] Plaintiff has also filed a motion to amend (ECF 15) which shall be granted in part and denied in part. Plaintiff's request to include Thomas Lehman as a defendant, correct the spelling of Wexford Health Sources, Inc.'s name, and amend the amount of damages claimed, shall be granted. Lehman was already a named defendant in this case. Plaintiff's motion to include Warden Dayena Corcoran as an additional defendant shall be denied as plaintiff does not provide any factual allegations against the Warden.

The court is also in receipt of plaintiff's motion to appoint counsel (ECF 20) which shall be denied without prejudice. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.* Upon careful consideration of the motions and previous filings by plaintiff, the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the court are not unduly complicated. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1).

medical care by defendants. Miller states that on September 27, 2011, he underwent surgery for a chronic tear of the quadricep muscle and tendon of the right knee at Bon Secours Hospital. Miller states that the surgeon, Dr. Ashok Krishnaswamy, ordered he be seen for follow-up in two to three weeks. Miller returned to the hospital on October 28, 2011, to have the staples removed. Miller states his sutures were not removed at that time. Krishnaswamy advised Miller that physical therapy would not start for two to three months as the muscles and tendons needed time to heal. Miller was scheduled for follow-up which he received with Krishnaswamy on November 22, 2011. At that time his sutures were removed and he was directed to gradually begin a six-week course of physical therapy. He was directed to return for follow-up in five to six weeks. Krishnaswamy directed that Miller stay in the prison infirmary due to his inability to climb stairs. ECF 1, p. 4.

Miller states that Dr. Melaku Ayalew, a physician working at the prison, ignored Krishnaswamy's directive and moved Miller back into general population on January 19, 2012. Miller states that he had completed the physical therapy ordered by Krishnaswamy but was not returned to the surgeon for follow-up. Rather, without being seen by Krishnaswamy, Physician's Assistant Bogucki referred Miller to continue physical therapy because Miller's leg did not improve after the initial physical therapy sessions. *Id.*

Miller further claims that he was placed on the prison chronic care list to be followed by Dr. Sisay. He states that each time he saw Sisay he complained about the lack of progress in the healing of his leg and the excruciating pain he was suffering. He further advised Sisay that he was to return for follow-up care with Krishnaswamy. Miller states that it took a year for him to be returned for follow-up care with Krishnaswamy. *Id.*

Upon evaluation by Krishnaswamy, Miller was advised that the central part of his quadricep muscle had pulled away and he would need additional surgical repair to the muscle and tendon. He was further advised that there was a gap near the superior pole of the patella and additional testing was needed. Krishnaswamy directed Miller return in four weeks for follow-up. *Id.* Miller was advised by Sisay that Krishnaswamy's request for surgery was refused. Sisay indicated he would resubmit the request, but Miller was later advised that the recommended surgery was again denied. Sisay told Miller that he would need to wait until he was released to have any further surgery. *Id.*

Miller states that he filed an Administrative Remedy Request ("ARP") but it was dismissed. Miller further alleges that he filed two complaints with the Inmate Grievance Office ("IGO") but was advised that the IGO does not address claims against health care contractors. *Id.*

### Defendants' Response

Defendants claim that Miller's complaint fails to state a claim upon which relief can be granted. They state that Miller has failed to make any factual allegations as to Ms. Steele, Dr. Lehman, or Wexford, but also note that plaintiff alleged that "defendants" denied his request for surgery. Defendants further maintain that they are entitled to qualified immunity and that Miller's state tort claim must be dismissed for failure to submit his claim to the Maryland Health Claims Arbitration Board. ECF 9 and 22.

### Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be

granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim entitling him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusional factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## Analysis

Defendants claim entitlement to qualified immunity, citing *Filarsky v. Delia*, ___ U.S. ___, 132 S. Ct. 1657, 1667-68 (2012). *Filarsky* overturned the denial of qualified immunity to an attorney who was retained by a city in California to assist in an internal investigation concerning a firefighter's potential wrongdoing. *Id.* at 1666. Defendants fail to demonstrate that *Filarsky* has been extended to contractual health care providers working in detention centers or correctional facilities, and the undersigned will not extend the holding in *Filarsky* based on the record now before the court. Further, assuming arguendo that defendants can invoke the doctrine of qualified immunity, the determination of whether they are entitled to qualified immunity is more appropriately addressed after the facts of the case have been developed and a determination has been made as to whether plaintiff has suffered a violation of his constitutional rights. Accordingly, dismissal of plaintiff's complaint based on qualified immunity is not proper at this time.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173

(1976). Prisoners are entitled to reasonable medical care. *Blanks v. Cunningham*, 409 F.2d 220, 221 (4th Cir. 1969) (citing *Hirons v. Director*, 351 F.2d 613 (4th Cir. 1965)). To state a constitutional claim for inadequate medical care, however, a plaintiff must demonstrate deliberate indifference to a serious medical need. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *Farmer v. Kavanagh*, 494 F. Supp. 2d 345, 361 (D. Md. 2007).

"Deliberate indifference" requires that defendants be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and "draw the inference." *Johnson*, 145 F.3d at 167 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (internal quotation marks omitted). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3rd Cir. 1970)). Questions of medical judgment are not subject to judicial review, and neither malpractice nor negligent diagnosis states a constitutional violation under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105–06; *Sosebee v. Murphy*, 797 F.2d 179, 181 (4th Cir. 1986).

Accepting Miller's version of events as true, defendants denied and delayed prescribed follow-up care, including surgical intervention, for his serious medical needs despite his repeated efforts to have the prescribed care provided. Defendants provide no affidavit or exhibits refuting Miller's complaint, which is sufficient to proceed as an Eighth Amendment claim.

To the extent Miller advances a medical malpractice claim, such claim is subject to dismissal. Medical malpractice claims must first be presented to the Maryland Health Claims Arbitration Board before a complaint may be filed in a court of law. *See* Md. Code Ann., Cts & Jud. Proc. § 3-2A-04 *et seq.* Miller's opposition expresses his erroneous belief that he did not

need to comply with the Maryland statute because he complied with the prison's administrative remedy process. ECF 22. Miller was required under Maryland law to bring his medical malpractice claim before the Health Claims Arbitration Board as a condition precedent to filing a malpractice or negligence suit. As such, Miller's claim of medical malpractice shall be dismissed for failure to comply with Maryland's Health Claim Procedures Act. *See Attorney General v. Johnson*, 385 A.2d 57 (Md. 1978).

In light of the foregoing, the pending motion to dismiss shall be granted as to Miller's claim of malpractice/negligence and denied in all other respects. A separate order, along with an order setting forth the schedule in this case, follows.

Feb. 12, 2015
Date

James K. Bredar
United States District Judge